Shelline K. Bennett, Bar No. 164759
sbennett@lcwlegal.com
Jesse J. Maddox, Bar No. 219091
jmaddox@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N. West Avenue
Fresno, CA 93711

Telephone: (559) 256-7800
Facsimile: (559) 449-4535
E-mail: jmaddox@lcwlegal.com

Attorneys for Defendants
CITY OF DELANO, MARK DeROSIA, AND
DALE MENDENHALL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA MACKLIN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DALE MENDENHALL; MARK DeROSIA; CITY OF DELANO, CALIFORNIA; DOES 1 through 100,<br><br>Defendants. | Case No. 1:08-cv-00884 LJO-BAK DLB<br><br>**STIPULATED PROTECTIVE ORDER** |

Pursuant to Plaintiff's First and Third Requests for Production of Documents propounded upon Defendant City of Delano ("City"), the City is producing to Plaintiff's counsel the 2007 Administrative Investigation regarding Plaintiff's alleged misconduct ("IA"). The City will also produce training records of Officers Guerrero and Lukehart, and any documents from the City-maintained personnel files of Defendants De Rosia and Mendenhall that the Court orders produced after an *in camera* inspection of the documents (such documents are collectively hereinafter referred to as "Personnel Files"). The City asserts that the documents and information in the IA and Personnel Files are confidential, privileged, personal, and/or proprietary to both the City, its Police Department, Defendants De Rosia and Mendenhall, Officers Guerrero and

Lukehart and the individuals who prepared or participated in the IA. The City also asserts that the documents and information in the IA and Personnel Files are official documents proprietary to the City. The following stipulated protective order shall govern the production, disclosure, and use of all such confidential information in this action.

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, through their respective undersigned counsel, that the Court should enter the following Protective Order in this action as follows:

1. Confidential Information.

For purposes of this Stipulated Protective Order, "confidential information" means any type or classification of information or documents, whether originals, copies, summaries, notes, etc. contained in the IA or Personnel Files, that will be produced to Plaintiff's counsel pursuant to Plaintiff's First and Third Requests for Production of Documents propounded upon the City. No information shall be claimed to be confidential unless counsel making the claim has a reasonable, good faith belief that the information meets the criteria specified above. Once so designated, confidential information shall be subject to the protection of this Protective Order unless such protection is expressly waived in writing by the Defendants or removed in whole or in part upon further order of the Court.

2. Definition and Manner of Designation.

    a. Information and records constituting the IA and documents in the Personnel Files ordered by the Court to be produced shall be defined as confidential to limit the risk of disclosure of such confidential information.

    b. Counsel may designate other documents and writings as confidential if additional documents related to the confidential information described above are located by the Defendants. Such designation shall be made, at the time of production of other such documents or other writings. Documents shall be designated confidential by placing the word "confidential" on the document or by otherwise indicating that the document is confidential and subject to this Protective Order.

c. The failure to designate information in accordance with this Protective Order or the failure to object to a designation at a given time shall not preclude the filing of a motion at a later time seeking to impose such a designation or challenge the propriety thereof.

3. Coverage.

This Protective Order shall control the pretrial production, disclosure, and use of the above-described confidential information. This Protective Order shall not constitute or be deemed to constitute an admission by either of the stipulating parties or a determination by a Court as to any contested issue in this case, including, without limitation, the existence or non-existence of a privacy interest or privilege relating to said confidential information or its admissibility at trial.

4. Use of Confidential Information at Trial.

This Protective Order applies only to information disclosed in the course of pre-trial discovery in this action. Counsel for the stipulating parties agree to negotiate in good faith with respect to the procedure for utilizing confidential information at the trial of this action. Any dispute, regarding the use of any confidential information at the trial of this action, will be resolved by the Court.

5. Limits on Disclosure and Use.

a. Documents and information designated confidential pursuant to this Protective Order shall not be disclosed by Plaintiff, Plaintiff's attorney, or any agent of Plaintiff to any persons other than to the following persons and entities for a purpose related to the prosecution of this action:

i. The parties, counsel for the parties hereto, clerks, secretaries, paralegals, investigators, and legal assistants, court or stenographic reporters retained to report a deponent's testimony taken in this litigation, and firms retained by counsel to provide litigation services and the employees of said firms;

ii. Representatives of the parties hereto who are responsible for assisting counsel in preparation for or trial of this case;

iii. Mediators, arbitrators and any other individuals employed by the parties for the purpose of alternative dispute resolution;

iv. Experts and consultants retained or employed to consult with, advise or assist counsel in the preparation or hearing of this case;

v. Persons who are being prepared by counsel to give testimony at a deposition or at a hearing of this case, provided it is necessary for their testimony;

vi. Persons who are being examined by counsel at a deposition or at a hearing of this case; and

vii. Court and administrative personnel, including judges, jury, court reporters, law clerks and clerks engaged in proceedings in this case.

b. Plaintiff and her counsel shall safeguard the confidential information referenced above against disclosure by Plaintiff, her counsel, agents and representatives. Plaintiff's counsel shall advise persons listed in subparagraphs (i) through (vii) above, who receive confidential information from Plaintiff, her counsel, agent or representative, of this Protective Order and shall secure their representation that they shall not further disclose such confidential information, except as provided under this Protective Order. Any portion of a deposition involving the disclosure of confidential information shall, at the request of any party, be placed under seal and shall be treated as confidential pursuant to this Agreement.

c. Information and documents subject to this Protective Order may be used only in connection with this litigation and not for any other purpose. Such information may not be used for any purposes related to the investigation of potential claims against the Defendants by other individuals, or any other legal, business or competitive purpose. Further, such information may not be disclosed to anyone except as provided in this Protective Order.

6. <u>Lodging or Filings With The Court</u>.

No pleading, motion, deposition or other paper shall be filed with or otherwise submitted to the Court disclosing confidential information which is the subject of this Protective Order, with the exception of filing those documents necessary to secure compliance with a subpoena if

needed.  All confidential information lodged or filed with the Court and any pleading, motion, deposition or other paper filed with or otherwise submitted to the Court disclosing confidential information, shall, only if and as ORDERED by the Court pursuant to CA E.D. Local Rule 39-141 : (a) be submitted for lodging or filing in sealed envelopes as specified in paragraph 7 below; and (b) remain sealed by the Court as to all persons and entities who are not parties to this litigation; and (c) be available for review only for purposes of this litigation by the persons and parties described in paragraph 5 as eligible to review confidential information.

7. <u>Notice of Coverage By Order</u>.

a. The portions of any pleading, motion, affidavit, transcript of any deposition or other paper filed with the Court which constitutes, identifies, quotes or refers to confidential information shall, as permitted by the Court, be filed with the Court, only in sealed envelopes bearing the following statement:

**CONFIDENTIAL: THIS ENVELOPE CONTAINS DOCUMENTS AND INFORMATION FILED SUBJECT TO A PROTECTIVE ORDER**

b. Deposition transcripts and other discovery materials that contain or reference designated confidential information will be marked by the court reporter or by the parties or their counsel on the cover of the transcripts or in other prominent locations to reflect this Protective Order.

8. <u>Modification of Order</u>.

a. Material disclosing confidential information may be removed from the restrictions of this Protective Order only upon the written agreement of the Defendants or by Court Order.

b. In the event that the stipulating parties disagree as to the definition or designation of materials as confidential, or are unable to reach agreement regarding removing from the restrictions of this Protective Order any document or other material claimed to be confidential, the stipulating party contesting confidentiality may, upon noticed motion, seek a Court Order removing the contested information from the terms of this Protective Order.  Such

notice shall comply with the provisions of the Federal Rules of Civil Procedure and applicable Civil Local Rules, unless the parties are in trial or it is otherwise determined by the Court.

      c.      Upon noticed motion by either stipulating party, the Court shall have authority to modify the terms of this Protective Order for good cause shown.

9. <u>Return of Designated Confidential Information</u>.

When the action has terminated by settlement, judgment or dismissal and all appeals have been exhausted, all confidential information shall be returned to the City, including all copies thereof, within thirty (30) days of the settlement or exhaustion or dismissal of all appeals. In the event that any confidential information is contained in any of Plaintiff's counsel's attorney notes, written memoranda, telephone messages etc., which also contain attorney-client privileged information or attorney work-product, and therefore cannot be returned to the City, such notes, etc. shall be redacted by Plaintiff's counsel to cover all names, addresses, and telephone numbers and Plaintiff's counsel shall send written confirmation to Defendants' counsel that such items have been redacted, together with an itemized list of the redacted items.

10. <u>Limits on Scope of Protective Order</u>.

Nothing in this Protective Order shall be construed to relieve any party from the obligation to respond timely to discovery requests, nor shall this Protective Order be construed as a waiver of the right to assert any objection to a discovery request. To the extent that the Defendants produce documents or information pursuant to this Protective Order that are covered, or believed in good faith to be covered, by the attorney work product doctrine, attorney-client privilege, or any other privilege, no waiver of the attorney work product doctrine, attorney-client privilege, or any other privilege shall be construed as a result of that production as it relates, or may relate, to the documents produced, or otherwise.

Nothing in this Protective Order shall operate as an admission by any party that any particular document is, or is not, admissible in evidence at any hearing and/or trial of this action.

7918.1 DE010-004    - 6 -    STIPULATED PROTECTIVE ORDER
1:08-CV-00884 LJO-BAK DLB

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N. West Avenue
Fresno, CA 93711

| | | |
|---|---|---|
| Dated: May12, 2009 | | Liebert Cassidy Whitmore |

By: /s/
Jesse J. Maddox
Shelline K. Bennett
Attorneys for Defendants
City of Delano, Mark De Rosia, and Dale Mendenhall

Dated: May 9, 2009

By: /s/
Randy Rumph
Attorney for Plaintiff
Rebecca Macklin

**IT IS SO ORDERED.**

Dated: 18 May 2009

/s/ *Dennis L. Beck*
UNITED STATES MAGISTRATE JUDGE