# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| REBECCA MACKLIN, | ) | 1:08cv0884 LJO BAK (DLB) |
| | ) | |
| | ) | ORDER GRANTING PLAINTIFF'S MOTION |
| | ) | TO SUPPLEMENT COMPLAINT |
| Plaintiff, | ) | (Document 20) |
| | ) | |
| v. | ) | |
| | ) | |
| DALE MENDENHALL, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

On April 3, 2009, Plaintiff Rebecca Macklin ("Plaintiff") filed a motion to supplement her complaint pursuant to Federal Rule of Civil Procedure 15. Defendants Dale Mendenhall ("Mendenhall"), Mark DeRosia ("DeRosia") and City of Delano ("City") (collectively "Defendants") filed an opposition on April 17, 2009. Plaintiff filed a reply on April 27, 2009. The Court deemed the matter suitable for decision without oral argument and vacated the May 15, 2009, hearing date.

**BACKGROUND**

Plaintiff filed the instant sexual harassment action on June 22, 2008. She asserts the following: (1) a claim pursuant to 42 U.S.C.§ 1983 ("Section 1983") against Mendenhall for violation of the equal protection clause of the 14th Amendment; (2) sexual harassment in violation of FEHA against Mendenhall; (3) a Section 1983 claim against DeRosia for quid pro quo harassment in violation of the equal protection clause of the 14th Amendment; (4) sexual

1

harassment in violation of FEHA against DeRosia; (5) sexual harassment by Mendenhall in violation of FEHA against the City of Delano; (6) sexual harassment by DeRosia in Violation of FEHA against the City of Delano; and (7) retaliation in violation of FEHA against the City of Delano for conduct by DeRosia.

The Court entered a Scheduling Order in this matter on December 17, 2008. There were no proposed amendments to the pleadings. (Doc. 12).

On March 30, 2009, the Court entered a partial protective order ("Protective Order") limiting certain of Defendants' discovery inquiries relating to Plaintiff's consensual sexual conduct or dating relationships. (Doc. 19).

On April 3, 2009, Plaintiff filed the present motion to supplement her complaint pursuant to Federal Rule of Civil Procedure 15(d). Defendants filed an opposition to the motion on April 17, 2009, along with a request for judicial notice. Plaintiff filed her reply on April 27, 2009.

## FACTUAL BACKGROUND

Defendants report that in January 2007, Plaintiff was placed on paid administrative leave pending an Administrative Investigation ("IA") into allegations that she failed to account for marijuana she confiscated during a criminal investigation and that she instructed her police trainee to falsify the report. During the IA, the City discovered other alleged misconduct, including failure to book methamphetamine into evidence and association with known gang members. The IA sustained most of the allegations. While the IA was ongoing, the Delano District Attorney ("DA") conducted an investigation of Plaintiff's mishandling of the marijuana and the police report falsification. The DA criminally charged Plaintiff. She was acquitted in August 2007.

In July 2007, before her criminal trial, Plaintiff contacted the City and reported that her suspension and subsequent criminal charges stemmed from an incident in November 2006 when she rejected DeRosia's alleged request to join him for drinks. The City reportedly launched an investigation. In September 2006, Plaintiff filed a complaint with DFEH, alleging that DeRosia subjected her to quid pro quo sexual harassment and that Mendenhall had been sexually harassing her since September 2006.

On December 29, 2007, the City began termination proceedings, sending Plaintiff a "Notice of Proposed Discipline - Intent to Terminate." Exhibit A to Niecia Barton's Declaration in Support of Opposition. Plaintiff attended a Skelly[1] conference on February 20, 2008, where she had an opportunity to respond to the charges in the notice. Barton Decl., ¶ 6.

Plaintiff initiated the instant action in June 2008. (Doc. 1). Thereafter, the City issued a final "Notice of Termination" on February 10, 2009. Exhibit B to Barton Decl.

Plaintiff now seeks to add allegations and claims relating to her termination.

## **DISCUSSION**

### I.  Applicable Standard

Federal Rule of Civil Procedure 15(d) provides that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Motions to amend pursuant to Rule 15(d) should be granted "[u]nless undue prejudice to the opposing party will result." LaSalvia v. United Dairymen of Arizona, 804 F.2d 1113, 1119 (9th Cir. 1986), cert denied, 482 U.S. 928 (1987) (quoting Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973)).

### II.  Analysis

#### A.  Amendment

Plaintiff contends that "all of the new matters alleged in the [proposed complaint] entail claims relating to her termination *only*, which occurred on 2/13/09." Motion, p. 3 (emphasis added). However, Plaintiff also seeks to add claims related to an individual with whom she associated, including (1) a claim for wrongful termination under section 1983 against DeRosia and the City, which alleges that defendants violated her associational rights by terminating her for an association with "John Doe 1"; (2) a claim that the termination violated her state constitutional right to privacy because it was due to her association with "John Doe 1"; and (3) a claim for wrongful termination in violation of her right to associate with "John Doe 1." Motion, p. 3 (proposed causes of action 8, 9 and 10).

---

[1] Skelly v. State Personnel Board, 15 Cal.3d 194 (1975).

3

Defendants argue that because Plaintiff is attempting to add new claims for relief her motion is properly characterized as a Rule 15(a) motion to amend the complaint. Federal Rule of Civil Procedure Rule 15(a) provides that a court "should freely give leave when justice so requires." The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). The Ninth Circuit has summarized these factors to include the following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. Loehr v. Ventura County Cmty. Coll. Dist., 743 F.2d 1310, 1319 (9th Cir. 1984). Granting or denial of leave to amend rests in the sound discretion of the trial court. Swanson v. United States Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996). Despite the policy favoring amendment under Rule 15, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

Defendants challenge the "motion to amend" under Rule 15 on the basis of undue delay, dilatory motive, bad faith and prejudice.

1. Undue Delay

Defendants argue that Plaintiff had notice of her claims in December 29, 2007, when the City notified her of its intent to terminate. The Notice of Proposed Discipline - Intent to Terminate identifies the grounds for Plaintiff's termination, including "Initiating or maintaining an inappropriate relationship for a law-enforcement officer" and the factual basis for that particular charge. Exhibit A to Barton Decl. Defendants further argue that even using the date the City sent its final notice of termination, February 13, 2009, Plaintiff's two month delay in bringing this motion is undue.

Plaintiff responds that the timing of the decision rested solely within the province of the City in waiting to send the termination letter in February 2009. Plaintiff also asserts that her counsel did not determine that a claim under the associational rights of Plaintiff would be viable until after her deposition. Reply, p. 6; Declaration of Randall Rumph., ¶¶ 4-6.

2. ___Dilatory Motive

Defendants contend that the timing of this motion suggests purposeful delay. Defendants indicate that according to Plaintiff's motion, she became aware of the new claims when she received the February 13, 2009 letter. Based on the February 13, 2009 date, Defendants argue that Plaintiff had knowledge of the new claims on February 28, 2009, when she filed her motion for Protective Order to prevent "defendant[s] from discovery related to [Plaintiff's] dating life or her sex life." (Doc. 13; Motion for Protective Order, p. 1, lines 16-19). Defendants report that Plaintiff did not disclose her proposed new claims at that time. Defendants take issue with the lack of disclosure because the proposed associational claims likely would have altered the scope of the Protective Order entered in this case.

Defendants further contend that Plaintiff timed this motion to prevent disclosure of the proposed new claims until after her deposition. Defendants argue that Plaintiff benefits from the delay because Defendants cannot depose her regarding the claims, while her counsel made several inquiries regarding the proposed claims during the Defendants' depositions in April 2009. Defendants also assert that Plaintiff had knowledge of the underlying facts of these claims for over a year, but waited to file the motion less than two months before the May 22, 2009, discovery cut-off.

Plaintiff responds that any delay was not intentional, but was based on her counsel's busy schedule. Counsel asserts that he had "the perfect storm" involving four significant cases. He details the cases and reports that he did not learn of the termination letter until the week of February 19, 2009, or later. As noted, counsel reportedly did not determine that a claim under the associational rights of Plaintiff would be viable until after her deposition. Reply, p. 6; Rumph Decl., ¶¶ 4-6.

3. Bad Faith

Defendants contend that Plaintiff acted in bad faith and manipulated the timing of this motion by withholding information from the Court to obtain a Protective Order limiting Defendants' inquiries.

4.      Prejudice

Defendants forward two arguments to demonstrate prejudice. First, Defendants contend that they cannot depose Plaintiff regarding the new claims, they may be precluded from discovery on the claims because of the discovery cut-off date, and they are limited by the Protective Order.

In her reply, however, Plaintiff indicates that she will stipulate to continue discovery deadlines and will appear for additional deposition time should it be necessary. (Doc. 24; Reply, p. 6).

Second, Defendants argue prejudice because their discovery is subject to the Protective Order, which would not apply in a separate action. Defendants explain that in a separate lawsuit, discovery would not be restricted by Federal Rule of Evidence 412, which applies to Plaintiff's sexual harassment claims.

In her reply, Plaintiff agrees that her new claims are better suited to a separate action and that a new action would prevent the Rule 412 issues. In his declaration, counsel reports that based upon the court's Protective Order, it would have been his preference to file a separate action, but he faced the potential defense of splitting his causes of action. Rumph Decl., ¶ 6. He believes that the new claims for relief are better suited to a different case and will file such if defendants waive the defense. Id., at ¶ 7.

Defendants apparent concern with the proposed amendment is their ability to timely and effectively conduct discovery regarding the new claims. However, Plaintiff's reply demonstrates her willingness to address any potential prejudice by extending discovery deadlines and allowing Defendants to depose her regarding the new claims. Plaintiff additionally acknowledges the limitations imposed by the Protective Order, which can be resolved by modification.

### **CONCLUSION AND ORDER**

Based Plaintiff's willingness to extend discovery and to appear for further deposition on the proposed claims, Plaintiff's motion is GRANTED. It is HEREBY ORDERED as follows:

(1) Plaintiff shall file her amended complaint within ten (10) days of the date of this Order;

(2) Defendants shall file answers to the amended complaint within twenty (20) days after the amended complaint is filed;

(3) Defendants shall be permitted to depose Plaintiff regarding the subject matter of the new claims asserted in her amended complaint. Additionally, the terms of the Protective Order shall not apply to the subject matter of the new claims;

(4) the non-expert discovery deadline shall be extended thirty (30) days; and

(5) Defendants' request for costs is DENIED.

IT IS SO ORDERED.

Dated: **May 18, 2009**   /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE